1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   ESTATE OF FRANK CARSON, et al.,              No. 1:20-cv-00747-TLN-BAM

12                    Plaintiffs,

13          v.                                     **ORDER**

14   COUNTY OF STANISLAUS, et al.,

15                    Defendants.

16

17          This matter is before the Court on two Motions to Dismiss: (1) Defendants County of

18   Stanislaus ("County"), Birgit Fladager, Marlissa Ferreira, David Harris, Kirk Bunch, Steve

19   Jacobson, and Cory Brown's (collectively, "County Defendants") Motion to Dismiss (ECF No.

20   55); and (2) Defendants City of Modesto ("Modesto") and Jon Evers's (collectively, "City

21   Defendants") Motion to Dismiss (ECF No. 56).[1] Plaintiffs Estate of Frank Carson and Georgia

22   DeFilippo (collectively, "Plaintiffs") oppose each motion.  (ECF Nos. 61, 62.)  Defendants filed

23   replies.  (ECF Nos. 65, 66.)  For the reasons set forth below, the Court GRANTS City

24   Defendants' motion with leave to amend and DENIES County Defendants' motion as moot.

25   ///

26

27   _____

     [1]      When the Court discusses County Defendants and City Defendants together, it will refer

28   to them collectively as "Defendants."

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On April 2, 2012, an individual named Korey Kauffman ("Kauffman") was reported missing.  (ECF No. 52 at 2.)  In August 2015, officers arrested a prominent criminal defense attorney named Frank Carson ("Carson") on suspicion that he was involved in a murder to hire scheme that resulted in Kauffman's murder.  (*Id.*)  Plaintiffs allege Defendants wrongfully investigated and prosecuted Carson based on a vendetta against him.  (*Id.*)  A jury acquitted Carson of all charges on June 28, 2019.  (*Id.* at 4.)  Carson died on August 12, 2020.  (*Id.*)

Plaintiffs filed the instant action on May 28, 2020.  (ECF No. 1.)  Plaintiffs filed the operative Second Amended Complaint ("SAC") on November 18, 2021, alleging various 42 U.S.C. § 1983 claims and state law claims.  (ECF No. 52 at 45–54.)  County Defendants filed a motion to dismiss on January 6, 2022, and City Defendants filed a motion to dismiss on January 10, 2022.  (ECF Nos. 55, 56.)

## II.   STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

2

1    relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

2         Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

3    factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

4    While Rule 8(a) does not require detailed factual allegations, "it demands more than an

5    unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

6    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

7    elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

8    ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

9    statements, do not suffice."). Thus, '[c]onclusory allegations of law and unwarranted inferences

10   are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355,

11   F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the

12   plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

13   in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

14   *Council of Carpenters*, 459 U.S. 519, 526 (1983).

15        Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

16   facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim

17   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

18   reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

19   680.  While the plausibility requirement is not akin to a probability requirement, it demands more

20   than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility

21   inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

22   experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or

23   her] claims . . . across the line from conceivable to plausible" is the complaint properly dismissed.

24   *Id.* at 680 (internal quotations omitted).

25        If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

26   amend even if no request to amend the pleading was made, unless it determines that the pleading

27   could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

28   1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

1    *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

2    denying leave to amend when amendment would be futile).  Although a district court should

3    freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to

4    deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint."

5    *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting

6    *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

7         **III.   ANALYSIS**

8              County Defendants move to dismiss for the following reasons: (1) Plaintiffs' claims

9    against Fladager, Harris, and Ferreira that rely on conduct prior to May 28, 2018, are time-barred;

10   (2) official capacity suits are redundant to the claims against the County; (3) Plaintiffs' claims

11   against Fladager, Harris, and Ferreira in their roles as prosecutors should be dismissed; (4)

12   Plaintiffs fail to state Fourth Amendment claims for unlawful search and seizure based on judicial

13   deception; (5) Plaintiffs fail to state claims for malicious prosecution against Fladager, Harris, and

14   Ferreira; (6) Plaintiffs fail to state claims for retaliatory prosecution under the First and Fourth

15   Amendments; (7) Plaintiffs fail to state Fourteenth Amendment claims; (8) Plaintiffs fail to

16   adequately plead facts to support *Monell* claims; (9) Plaintiffs fail to state claims under California

17   Civil Code § 52.1; and (10) Fladager, Harris, and Ferreira are immune from liability for the acts

18   of others pursuant to California Government Code § 820.8.  (ECF No. 55-1.)

19             City Defendants move to dismiss for the following reasons: (1) the SAC constitutes a

20   shotgun pleading; (2) the Estate of Carson has not complied with California's survival statute's

21   procedural requirements; (3) Plaintiffs fail to state malicious or retaliatory prosecution claims

22   against Evers; (4) Evers is entitled to qualified immunity; (5) Plaintiffs' state law claims fail as a

23   matter of law; and (6) Evers is entitled to immunity under California Government Code § 821.6.

24   (ECF No. 56.)

25             As will be discussed, the Court agrees with City Defendants that Plaintiffs' survival

26   claims should be dismissed.  Because this is a threshold issue, the Court will only address City

27   Defendants' arguments as to the survival claims and declines to discuss the parties' remaining

28   arguments at this time.

City Defendants argue Plaintiffs have not complied with the procedural requirements in California's survival statute, California Civil Procedure Code § 377.32.  (ECF No. 56 at 15.)  City Defendants therefore argue the Estate's survival claims — which consists of all claims in the SAC except for DeFilippo's wrongful death claim — should be dismissed on standing grounds.  (*Id.* at 16.)  In opposition, Plaintiffs submit a declaration from Carson's mother, Vallie Carson.  (ECF No. 63.)  Ms. Carson states she is the personal representative for Carson's estate and assigns prosecution of the claims at issue to Carson's surviving spouse, Georgia DeFilippo.  (*Id.*)  Ms. Carson also attaches a copy of Carson's death certificate.  (*Id.* at 4.)

California Civil Procedure Code § 377.30 states, "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest."  *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013); *see also* California Civil Procedure Code § 377.31 ("On motion after the death of a person who commenced an action or proceeding, the court shall allow a pending action or proceeding that does not abate to be continued by the decedent's personal representative or, if none, by the decedent's successor in interest.").  Section 377.32 sets forth procedural requirements that must be met, including the filing of an affidavit or declaration with specific information and a certified copy of the decedent's death certificate.  Cal. Civ. Proc. Code § 377.32.  "The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action."  *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998).

Plaintiffs essentially admit they failed to satisfy § 377.32 and instead seek to correct the omission by submitting documents along with their opposition.  (ECF No. 62 at 14.)  However, "a party cannot amend its pleadings through briefs, evidence, or exhibits filed in opposition to a motion to dismiss."  *Est. of Mejia v. Archambeault*, No. 20-CV-2454-MMA (KSC), 2021 WL 4428990, at *6 (S.D. Cal. Sept. 27, 2021) (citing *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)).  Accordingly, Plaintiffs must submit the necessary documents as

an attachment to their next amended complaint to establish their entitlement to proceed with the survival claims.  The Court notes that it declines to address in this Order whether Plaintiffs' documents satisfy § 377.32 or City Defendants' other challenges on this issue.  (*See* ECF No. 65 at 3–4.)  City Defendants may raise those challenges in a future motion if necessary.

Accordingly, the Court GRANTS City Defendants' motion to dismiss the SAC with leave to amend.

### IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS City Defendants' Motion to Dismiss with leave to amend (ECF No. 56) and DENIES County Defendants' Motion to Dismiss (ECF No. 55) as moot.  Plaintiffs shall file an amended complaint not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file responsive pleadings not later than twenty-one (21) days from the electronic filing date of the amended complaint.

IT IS SO ORDERED.

**DATED:  September 13, 2022**

Troy L. Nunley
United States District Judge